UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  No. 4:23-CV-796 NCC |
| STATE OF MISSOURI and UNITED STATES FEDERAL GOVERNMENT, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court is a filing from self-represented Plaintiff Daniel Kennemore alleging that the State of Missouri and the Federal Government are "using Witchcraft to frame innocent people," including Plaintiff. ECF No. 1. This filing is defective as a complaint commencing a civil case because it has not been drafted on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). Moreover, Plaintiff has neither paid the filing fee nor submitted an application to proceed *in forma pauperis*, or without prepaying fees or costs. *See* 28 U.S.C. § 1915(a)(1).

Plaintiff is a frequent litigator in this Court and currently committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, where he is undergoing Sexual Offender Rehabilitation Treatment Services ("SORTS"). *See Kennemore v. State of Mo. Dep't of Mental Health*, No. 4:22-cv-180-PLC, ECF No. 17 at 2 (E.D. Mo. 2022). Plaintiff's case-initiating filing seeks both release from confinement and money damages. ECF No. 1 at 1. As such, it is unclear to the Court whether Plaintiff intends for this action to be filed as a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28 U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide

access to a federal forum for claims of unconstitutional treatment at the hands of state officials. But these statutes differ in both scope and operation.

Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). On the other hand, challenges involving the circumstances of confinement, or how one ended up in confinement, may be presented in a § 1983 action. Often, the Court looks to the relief requested by a plaintiff to see what type of action he is seeking. If a plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action. However, if a plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

Based on Plaintiff's brief allegations, this case appears to be a "hybrid" action where Plaintiff is seeking relief under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254. The Court will not allow Plaintiff to proceed under both statutes simultaneously in one action. If Plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the two different statutes. The Court recognizes that Plaintiff has already filed four unsuccessful petitions for writ of habeas corpus in this Court[1] and multiple other civil actions under § 1983 making allegations concerning "Witchcraft."[2]

---

[1] *See Kennemore v. Blake*, No. 4:06-cv-1016-CEJ (E.D. Mo. Aug. 29, 2006) (petition dismissed pursuant to Fed. R. Civ. P. 41(b)); *Kennemore v. Blake*, No. 4:08-cv-173-DJS (E.D. Mo. Feb. 24, 2009) (petition dismissed because petitioner was no longer in custody for the conviction which he was challenging); *Kennemore v. Lawson*, No. 4:19-cv-1394-HEA (E.D. Mo. June 11, 2019) (petition dismissed due to failure to exhaust state remedies); *Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. Sept. 28, 2021) (petition dismissed as time-barred).

[2] *See Kennemore v. State of Mo. Dep't of Mental Health*, No. 4:22-cv-180-PLC (E.D. Mo. Apr. 26, 2022) (complaint alleging Plaintiff had been framed using "Witchcraft/Sorcery" was dismissed under 28 U.S.C. § 1915(e)(2)(B)); *Kennemore v. Huhn*, No. 4:22-cv-805-RLW (E.D. Mo. Feb. 6, 2023) (case dismissed under 28 U.S.C. § 1915(e)(2)(B) where supplement to complaint alleged "Wizards/Witches" were using sorcery and spells to frame innocent people).

Plaintiff will be required to submit an amended complaint on a court-provided form clarifying his claims. Because it is unclear whether Plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court will direct the Clerk of Court to send Plaintiff forms for both types of cases. Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate forms in this case. If Plaintiff wishes to pursue claims under both statutes, he will need to file a second, separate action in this Court.

Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized complaint form. *See* Fed. R. Civ. P. 8(a). Plaintiff's amended complaint should be clear on how the claims raised in this matter differ from those filed in other matters already raised with this Court.

Additionally, Plaintiff is warned that the filing of an amended complaint replaces the original complaint, so Plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint must show how each and every defendant is directly responsible for the alleged harms.

All of Plaintiff's claims should be clearly set forth in the "Statement of Claim." If Plaintiff fails to file an amended complaint on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff a copy of the Court's Prisoner Civil Rights Complaint form, 2254 Habeas Corpus Petition form, and Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full filing fee **or** submit an application to proceed without prepayment of fees and costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if Plaintiff chooses to submit an application to proceed without prepaying fees or costs and Plaintiff maintains a prison account at SORTS, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 28th day of June, 2023.

    /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE