# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL ELDON KENNEMORE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:23-cv-796 NCC |
| STATE OF MISSOURI, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Now before the Court are eleven motions filed by self-represented Plaintiff Daniel Kennemore. For the reasons discussed below, all of Plaintiff's motions will be denied except for Plaintiff's second motion to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs, which was accompanied by a certified account statement. ECF No. 12. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $23.02. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, his pleadings are subject to review under 28 U.S.C. § 1915. The § 1915 review of Plaintiff's recently filed amended complaint will be done by separate Order.

## Background

Plaintiff is a frequent litigator in this Court. He is currently committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, where he is undergoing Sexual Offender Rehabilitation Treatment Services ("SORTS"). *See Kennemore v. State of Mo. Dep't of Mental Health*, No. 4:22-cv-180-PLC, ECF No. 17 at 2 (E.D. Mo. 2022). Plaintiff initiated this action with a document alleging that the State of Missouri and the Federal Government are "using

Witchcraft to frame innocent people," including himself.  ECF No. 1.  The Court found the filing defective as a complaint commencing a civil case because it was not drafted on a Court-provided form.  *See* E.D. Mo. Local Rule 2.06(A).  As such, the Court ordered Plaintiff to file an amended filing on a court-provided form.  ECF No. 4.

Plaintiff's case-initiating filing sought both release from confinement and money damages.  ECF No. 1 at 1.  Because it was unclear from the filing whether Plaintiff intended to file a civil action under 42 U.S.C. § 1983 or as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Clerk of Court was directed to send forms for both types of cases to Plaintiff.  *See* ECF No. 4.  Plaintiff was directed to inform the Court whether he intended for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate form complaint in this case.  Plaintiff filed an amended complaint seeking relief under 42 U.S.C. § 1983 on July 27, 2023.[1]

**Pending Motions**

**I.      Motions to Amend**

Plaintiff has filed seven motions to amend.  Two of these motions were received by the Court on the same day that the Court directed Plaintiff to file an amended pleading on a court-provided form.  *See* ECF Nos. 4-6 (all docketed June 28, 2023).  The first motion seeks to amend the complaint with a 155-page document titled "Is the God you Trust and Serve Osiris or Yahweh? – Who's really responsible for sex offenses" – which Plaintiff describes as a book he wrote "under the inspiration of the HOLY SPIRIT of YAHWEH GOD and his son JESUS CHRIST."  ECF No. 5 at 1.  The second motion seeks to add documents that "will be sent in another envelope."  ECF No. 6 at 1.  The third motion seeks to amend by filing both a "Prisoner Civil Rights Complaint

---

[1] On the day after the Court docketed Plaintiff's amended § 1983 complaint in this case, the Court received a petition seeking relief under 28 U.S.C. § 2254 from Plaintiff.  This petition was used to open a new case.  *See Kennemore v. Hacker*, No. 4:23-cv-951-ACL (E.D. Mo. 2023 filed July 28, 2023).

– 2 –

under 42 USC § 1983" and a "petition under 28 USC § 2254 for Writ of Habeas Corpus." ECF No. 15. The fourth motion seeks to add exhibits to this case that have already been filed by the Plaintiff. ECF Nos. 18 & 18-1; *see also* ECF Nos. 1 at 1 (same as ECF No. 18-1 at 1), 1-1 at 2-3 (same as ECF No. 18-1 at 2-3), 16-1 at 20 (same as ECF No. 18-1 at 4) & 17 at 1 (same as ECF No. 18-1 at 5). The fifth motion requests to add "5 pages as evidence," but those pages of evidence are not included with the motion. ECF No. 20. The sixth motion requests to add "38 pages" of evidence to Plaintiff's case but the motion does not explain how any of the pages are relevant to the case and most of the attached documents have already been filed with the Court with minor handwritten additions in the margins. ECF No. 21; *see also* ECF Nos. 5 at 2-25 (same as ECF No. 21 at 15-38 with addition of case numbers and demand request on cover page), 5 at 140 (same as ECF No. 21 at 14 with addition of case numbers and titling note in margin), 11 at 1 (same as ECF No. 21 at 4 with addition of case note in margin), & 18 at 1 (same as ECF No. 21 at 11). Finally, the seventh motion seeks to amend the case into a class action lawsuit "to include all SORTS residents in Farmington and Fulton Missouri and All accused and or convicted or committed sex offenders in Missouri and All US States and Federal Prisons." ECF No. 22 at 1.

Under the Federal Rules of Civil Procedure, the Court should freely grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). However, the Court does not accept amendments by interlineation (*i.e.*, by adding language to the pending complaint), because it creates confusion in the record, especially for the responding party. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion); *Clayton v. White Hall Sch. Dist.*, 778 F.2d 457, 460 (8th Cir. 1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion.").

Plaintiff here did not include a proposed amended complaint with any of his seven motions to amend. With the first motion, Plaintiff included a "book" he wrote about religion. Plaintiff failed to include any documents with the second or fifth motions. The third motion seeks to file pleadings based on two different legal statutes – 42 U.S.C. § 1983 and 28 U.S.C. § 2254 – in direct contradiction of the Court's order to amend pleadings by filing one of the two types of form complaint. The fourth and sixth motions seeks to add exhibits to the record that have already been filed. As to the seventh motion's request to proceed with this case as a class action, it is well established that a self-represented litigant cannot represent the rights, claims, and interests of other parties in a class action lawsuit. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) (providing that "[a] nonlawyer … has no right to represent another entity"); *Casey-El v. City of St. Louis Dep't of Pub. Safety*, 4:22-CV-1225-AGF, 2022 WL 17250170, at * 2 (E.D. Mo. Nov. 28, 2022) (citing cases and stating that "it is well established that non-attorney pro se plaintiffs cannot adequately represent a class"). As such, Plaintiff's seven motions to amend (ECF Nos. 5, 6, 15, 18, 20, 21, & 22) will be denied.

**II.     Motions to Proceed *In Forma Pauperis***

Plaintiff has also filed multiple motions to proceed *in forma pauperis*. ECF Nos. 8 & 12. The first motion is not on a court form and simply states: "Note to be sent with other documents." ECF No. 8. Plaintiff's second motion is on a court form and he attached a certified account statement. ECF Nos. 12-13. Plaintiff's first motion (ECF No. 8) will be denied and his second motion (ECF No. 12) will be granted.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial

partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of his motion to proceed without prepaying fees and costs, Plaintiff submitted a certified account statement showing average monthly deposits of $115.09 over a six-month period. ECF No. 13. The Court finds that Plaintiff has insufficient funds in his prison account to pay the entire fee and will therefore assess an initial partial filing fee of $23.02, which is twenty percent of Plaintiff's average monthly deposit.

### III.    Motions related to Appointment of Counsel

On June 28, 2023, Plaintiff filed a "Motion to Proceed Pro se or Until Court Appoints Counsel," with no further statement or argument beyond the motion title. ECF No. 7. About a month later, Plaintiff filed a "Motion for the Court to Appoint Counsel for Plaintiff," in which he states that he has tried to hire counsel but does not have the money to pay for representation. ECF No. 14. Plaintiff further states that he needs assistance filling out the court-required forms "because he is not schooled in this legal system [and] his cases have been rejected and have failed even with evidence of him being framed and innocent." *Id.* at 1. Both of these motions pertaining to appointment of counsel will be denied.

The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is

no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as defendants have not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time. Plaintiff's motion for appointment of counsel (ECF No. 14) is denied without prejudice. To the extent that Plaintiff's first motion seeks to proceed *pro se* (ECF No. 7) until counsel is appointed, Plaintiff is warned that there is no guarantee that counsel will be appointed at any point in this matter. Furthermore, because Plaintiff does not need permission to proceed *pro se*, this motion will be denied as moot.

### Other Filings by Plaintiff

**I.   Inappropriate Correspondence**

Plaintiff filed two supplements with the Court that are labelled as "Exhibit[s];" however, they appear to be letters to non-parties. *See* ECF No. 11 & 17. On July 24, 2023, the Court received a document which Plaintiff described as a "letter to the Supreme Court of Missouri … in which [Plaintiff] questioned whether the Witches in our Government had framed [another prisoner] so they can sacrifice him by execution to the Egyptian Sungod." ECF No. 11 at 2. On August 15, 2023, the Court received a second letter from Plaintiff, stating that the lethal execution of a Missouri state prisoner is really a Witches' "sacrifice" and intended "for their pagan sex rituals" which occur on the full moon. ECF No. 17.

The Court's Local Rules do not permit parties to communicate with the Court by informal letters. Parties may only address the Court through motions and memoranda, unless otherwise directed by the Court. *See* E.D. Mo. Local Rule 4.04(A). Plaintiff was already cautioned against this practice by the Court: on July 10, 2023, the Court returned documents to Plaintiff, explaining that he may only file pleadings and correspondence directed to the Court. *See* ECF No. 9 at 1. These supplemental "exhibits" (ECF Nos. 11 & 17) will be stricken from the record.

## II. Amended Complaint

Plaintiff filed an amended complaint seeking relief under 42 U.S.C. § 1983 on July 27, 2023. ECF No. 16. As Plaintiff is now proceeding *in forma pauperis* in this matter, that amended pleading is subject to review under 28 U.S.C. § 1915(e). This § 1915 review will be completed by the Court in a separate Memorandum and Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions to amend [ECF Nos. 5, 6, 15, 18, 20, 21, & 22] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's first motion to proceed *in forma pauperis* [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to proceed *in forma pauperis* [ECF No. 12] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $23.02 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.  *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *pro se* [ECF No. 7] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 14] is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's supplemental filings with the Court [ECF Nos. 11 & 17] are **STRICKEN FROM THE RECORD**.  Plaintiff is again warned that he should not file correspondence with the Court.

Dated this 4th day of October, 2023.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE