**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL ELDON KENNEMORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-796 NCC |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Daniel Kennemore brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  By previous Order, the Court granted Plaintiff's motion to proceed *in forma pauperis*; therefore, Plaintiff's pleadings are subject to review under 28 U.S.C. § 1915.  Based on such review, for the reasons discussed below, the Court will dismiss this case as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim

for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327).  Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional."  *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328).  "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."  *Id.* at 33.

## Background

Plaintiff is a frequent litigator in this Court.  He is currently committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, where he is undergoing Sexual Offender Rehabilitation Treatment Services ("SORTS").  *See Kennemore v. State of Mo. Dep't of Mental*

*Health*, No. 4:22-cv-180-PLC, ECF No. 17 at 2 (E.D. Mo. 2022).  Plaintiff initiated this action with a document alleging that the State of Missouri and the Federal Government are "using Witchcraft to frame innocent people," including himself.  ECF No. 1.  The Court found the filing defective as a complaint commencing a civil case because it was not drafted on a Court-provided form.  *See* E.D. Mo. Local Rule 2.06(A).  As such, the Court ordered Plaintiff to file an amended filing on a court-provided form.  ECF No. 4.  Plaintiff filed an amended complaint seeking relief under 42 U.S.C. § 1983 on July 27, 2023.  ECF No. 16.

### The Amended Complaint & Supplements

Plaintiff brings his amended § 1983 civil rights complaint against the federal government, numerous State of Missouri officials, employees at SORTS, multiple judges of this Court, "Freemasons," "Jews," "Physicians," and "All 3 Witches."  ECF No. 16 at 1 & 3.  Although difficult to decipher, Plaintiff's amended complaint seems to be founded on the belief that the Missouri defendants framed him "with sex offenses;" federal judge defendants failed to prevent the framing from happening; and Freemasons, Jews, and Physicians are "Witches that the Library Occult/Witchcraft Books revealed."  *Id.* at 5.  Plaintiff further alleges that the State of Missouri is "force medicating [him] by covertly using Witchcraft to cause physical or mental illnesses to bring harm to [him] by the Witches working for the State."  *Id.* at 6.  Plaintiff seeks 500 million dollars in damages.  *Id.*

In support of his amended complaint, Plaintiff attached letters he wrote detailing his belief that the government is framing him with witchcraft.[1]  These letters are addressed to many people and/or organizations, including: the Missouri Governor, the Missouri Supreme Court, the Missouri

---

[1] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits.  *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

Bar, members of the Missouri Senate and House of Representatives, the Court of St. Charles County, the Clerk of this Court, a Mississippi sheriff, Fox News, and various attorneys.  ECF No. 16-1 at 1-3, 5, 7-13, 15-18, 21, 23-25, 131-33, 137-41, & 148-54.  Plaintiff also included copies of motions he filed in state court to vacate his civil commitment, a complaint he filed in a different civil action, copies of religious articles, and a book he wrote titled "Is the God you Trust and Serve Osiris or Yahweh?"  *Id.* at 4, 6, 27-130, 142-47, & 180.

Since filing his amended complaint, Plaintiff has filed multiple supplements with the Court.  *See* ECF Nos. 11, 17, 19.  In a different Order, the Court struck two of these supplements (ECF Nos. 11 & 17) from the record because they contain inappropriate correspondence to non-parties and Plaintiff had been warned not to communicate with the Court by informal letter.  His most recent supplement (ECF No. 19) does not appear to contain any new information.  It restates his belief that the U.S. Government is run by people who practice witchcraft and sorcery; it contains an institutional request filed by Plaintiff at SORTS seeking "privacy during the night shift;" and it refiles documents that were previously submitted to the Court.  ECF Nos. 19 & 19-1 (same as ECF No. 18 at 1 & 18-1 at 4).  Although it contains no relevant information, the Court has considered this supplemental pleading in its initial review of Plaintiff's case.

## Discussion

Based on a careful review and liberal construction of Plaintiff's amended pleadings, the Court finds that the allegations are frivolous.  Plaintiff asserts that state officials used witchcraft to frame him for sex crimes and cause him harm, and that the government in general is run by witches who use witchcraft and sorcery on the people.  These beliefs are fanciful, fantastic, and delusional.  *See Denton*, 504 U.S. at 32-33.  The alleged facts of the amended complaint rise to the level of the irrational or wholly incredible.  *Id.* at 33.  Because the action is founded on clearly baseless allegations, it is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

as factually frivolous.  *See also Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (finding a 28 U.S.C. § 1915 dismissal as frivolous appropriate where the complaint lacks an arguable basis in law or fact); *Robinson v. Love*, 155 F.R.D. 535 (E.D. Pa. 1994) (dismissing § 1983 claim as frivolous where plaintiff alleged that, among other things, prison staff members were subjecting him to witchcraft).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as any defendant because the complaint is legally frivolous.  Plaintiff's claims against all defendants are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of October, 2023.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE